ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RUSSELL GRAY,

    Plaintiff,

v.                            CV 113-224

JOHN M. McHUGH, Secretary,
Department of the Army,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend his complaint. (Doc. 33.) Also before the Court is Defendant's Motion to Dismiss. (Doc. 32.)

### I. BACKGROUND

Plaintiff filed suit in this Court on December 27, 2013 asserting a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and 29 U.S.C. § 215(a)(3). (Doc. 1.) On January 9, 2014, Plaintiff moved to amend his Complaint. (Doc. 9.) As Defendant had not yet filed a responsive pleading, the Court granted Plaintiff leave to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (Doc. 11.) Plaintiff ultimately filed his First Amended Complaint on January 31, 2014, to which he added a Title VII retaliation claim on gender,

1

race, and national origin grounds, as well as a hostile work environment claim. (Doc. 13.) Defendant timely filed its motion to dismiss Plaintiff's First Amended Complaint on April 2, 2014. (Doc. 16.) There, Defendant argued that the Court lacked subject matter jurisdiction over Plaintiff's Equal Pay Act claim and all Plaintiff's Title VII claims — save one — were subject to dismissal for failure to exhaust administrative remedies. (Id. at 7-13.) Plaintiff opposed the motion to dismiss, but alternatively requested leave to amend his First Amended Complaint "to more clearly articulate the allegations of the complaint" and waive recovery of damages under the Equal Pay Act to less than $10,000 so this Court could retain jurisdiction. (Doc. 25.) On June 12, 2014, the Court again granted Plaintiff leave to amend (Doc. 26) and Plaintiff simultaneously filed his Second Amended Complaint.[1]

Subsequently, on July 3, 2014, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. (Doc. 28.) Echoing his first motion to dismiss, Defendant argues that Plaintiff has failed (1) to allege any specific comparators or facts describing his work as substantially similar to that of females in his office to substantiate his Equal Pay Act claim; (2) to identify a single discriminatory act or event forming the

---

[1] Plaintiff refers to this pleading as his Amended Complaint. As this is the third complaint on the docket (Docs. 1, 13, and 27), the Court will identify it as the Second Amended Complaint.

2

basis of his Title VII compensation discrimination and retaliation claims; and (3) to exhaust administrative remedies. Again, Plaintiff has opposed the motion to dismiss, but simultaneously files a motion to amend his Second Amended Complaint to cure "alleged defects in his claims."

## II. DISCUSSION

Plaintiff seeks leave to amend his Second Amended Complaint to bolster his claim under the Equal Pay Act with "specific comparators and facts which demonstrate his work is substantially similar to that of female comparators in the office." (Doc. 33.) Defendant moves to dismiss Plaintiff's Equal Pay Act claim in its entirety, as well as two of three of Plaintiff's Title VII claims as insufficiently pled and for failure to exhaust administrative remedies. (Doc. 28, at 8-14.) The Court first resolves Plaintiff's motion for leave to amend.

As a general rule, leave to amend under Federal Rule of Civil Procedure 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam). That said, leave to amend is not automatic, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754,

3

761 (11th Cir. 1995). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

In Foman, the Supreme Court identified several reasons that may justify denying leave: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman, 371 U.S. at 182; see also Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996). Courts also consider whether undue prejudice to the movant will result from denying leave to amend. Lockett v. Gen. Fin. Loan Co. of Downtown, 623 F.2d 1128, 1131 (5th Cir. 1980).[2] Additionally, the Court is mindful that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman, 371 U.S. at 181-82.

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

4

The Court finds no reason to deny Plaintiff's Motion to Amend at this stage. Although Plaintiff has presented no argument as to why the Court should again grant him leave to amend beyond the incantation of "interests of justice, judicial economy, and clarity," Defendant likewise has not presented any evidence to indicate that Plaintiff has managed his case with a wrongful motive or that Defendant would be severely prejudiced *in this case* if the proposed amendment is allowed.[3] After careful review of Plaintiff's proposed Third Amended Complaint,[4] the only changes he seeks to make relate to Count I, his claim under the Equal Pay Act. (Doc. 33, p. 1.) Specifically, he proposes to add ten (10) paragraphs of comparator data and descriptions of the work he and those comparators performed. (Doc. 33, p. 6 ("Pl.'s 3d Am. Compl."), ¶¶ 16-25.) Although not as comprehensive, the Court finds some evidence of comparator information in Plaintiff's Formal Complaint filed with the Equal Employment Opportunity office, which Defendant has had in his possession since filing its first motion to dismiss in April

---

[3] That other, future litigants may receive a "wrong signal" about the Court's purported willingness to accept perpetually deficient pleadings is neither persuasive nor correct. Moreover, Defendant asserts that to permit amendment would be to give Plaintiff "four bites at the apple." (See Doc. 35, p. 3.) That is technically correct, but the Court points out Plaintiff's first amendment was within his *right* in the absence of a responsive pleading, and Defendant did not object to his subsequent motion to amend. (Doc. 11; Doc. 35, at 3-4.)

[4] Just as discussed in Note 1, supra, Plaintiff refers to this pleading as the *Second* Amended Complaint. (See Doc. 33, p. 6.) As this is the fourth complaint on the docket (Docs. 1, 13, 27, and 33), the Court will identify it as the Third Amended Complaint.

5

2014. (See Docs. 16 & 28, Ex. B, p. 9). With such notice, any prejudice Defendant may suffer on account of this amendment does not reach the level of "undue."

Nevertheless, Plaintiff is represented by counsel. The Court therefore instructs Plaintiff that no further amendments will be granted absent far more compelling justification than he has provided to date. The Court also recognizes the effort and time Defendant has expended in submitting two motions to dismiss to the Court. Even though Counts II, III, and IV of Plaintiff's Third Amended Complaint are identical in all respects to Counts II, III, and IV of Plaintiff's Second Amended Complaint such that it would be proper for the Court to make a determination on the merits of those claims, the allegations Plaintiff seeks to add to Count I are intimately related to Count II. Moreover, Defendants do not seek dismissal of Count IV. Thus, as only Count III is ripe for the Court's consideration, the Court reluctantly declines to address Defendant's motion to dismiss at this time.

Plaintiff's Motion to for Leave to Amend (Doc. 33) is **GRANTED**. He shall have **SEVEN (7) DAYS** from the date of this Order to file his **THIRD AMENDED COMPLAINT** in accordance with the terms of this Order as a stand-alone entry on the docket. The Clerk is therefore **DIRECTED** to **TERMINATE** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28).

Defendant shall have **TWENTY-ONE (21) DAYS** from the date of this order to renew his motion to dismiss or otherwise respond to Plaintiff's Third Amended Complaint.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of September 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA