IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RUSSELL GRAY,

    Plaintiff,

v.

JOHN M. McHUGH, Secretary,
Department of the Army,

    Defendant.

CV 113-224

O R D E R

This cause comes before the Court on Plaintiff Russell Gray's response (Doc. 49) to this Court's February 23, 2015 Order, which directed Mr. Gray to notify the Court (1) whether he intends to pursue this matter any further and (2) if so, whether he will proceed *pro se* or seek new legal counsel (Doc. 48). Although Mr. Gray thoroughly narrates the facts of his case in his letter to the Court, he failed to respond as directed. He merely states that he "ha[s] no more money to seek representation" and "do[es]n't see how [h]e can represent [him]self when [his] own lawyer couldn't continue with the truck load of information that he was already provided with." (Doc. 49.) He further seeks appointment of counsel and immediate judgment in his favor. (See id. at 3.)

The appointment of counsel in a civil case is a privilege and not a constitutional right. Williams v. Fort Valley State Univ., No. 5:13-CV-449 MTT, 2014 WL 222925, at *1 (M.D. Ga. Jan. 21, 2014)

(citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) and Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988)). Accordingly, in deciding whether to appoint counsel, the district court "has broad discretion . . . and should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The following factors may be considered when determining whether "exceptional circumstances" exist: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of incidents the indigent witnessed himself. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Mr. Gray's complaint, which alleges various claims under the Equal Pay Act and Title VII, does not present novel or complex issues that require the assistance of counsel. Mr. Gray concedes that the issues are straightforward (see Doc. 49 at 1), and Mr. Gray has personal knowledge of the facts underlying his allegations of discrimination because he personally experienced the alleged discrimination. Moreover, Mr. Gray does not identify any specific reasons why he is incapable of presenting his case, only that he "do[es]n't even know how to address this Court, about a system of Government (The Department of The Army) that think it is OK to use their power or legal proceedings, and endless monetary supply, only to stall, deny, drag out a case." (Id.) Mr. Gray, like any other

2

litigant, undoubtedly would benefit from the assistance of counsel. Indeed, he appears to have recognized the value of a lawyer when he retained one at the commencement of this suit. Mr. Gray's case, however, is not so unusual to warrant court-appointed, pro bono counsel. The Court thus **DENIES** Mr. Gray's request.

The Court now reiterates for the third and final time (see Docs. 47, 48) that Mr. Gray must make an unequivocal decision: the Court **DIRECTS** Mr. Gray to report **IN WRITING** within **SEVEN DAYS** from the date of this Order (1) whether he intends to continue litigating this case and (2) if so, whether he will represent himself or retain new legal counsel. Failure to comply with this directive will result in dismissal of his claims without prejudice.

The Court **DIRECTS** the **CLERK** to serve a copy of this Order on Mr. Gray at the following address:

Russell Gray
3922 Barrett Street
Augusta, GA 30909

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of March, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3