```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

RUSSELL GRAY,                  *
                               *
    Plaintiff,                 *
                               *
         v.                    *      CV 113-224
                               *
JOHN M. McHUGH, Secretary,     *
Department of the Army,        *
                               *
    Defendant.                 *
                               *

# O R D E R

This cause comes before the Court on Plaintiff Russell Gray's response (Doc. 51) to this Court's March 3, 2015 Order, which denied Mr. Gray's request for court-appointed counsel and provided Mr. Gray a third and final opportunity to inform the Court (1) whether he intended to continue litigating his case and (2) if so, whether he intended to represent himself or retain new counsel (Doc. 50).

In the same fashion as his prior deficient response (see Doc. 49), Mr. Gray argues that "the Southern District Court has already been provided with all the information pertaining to [his] case," and he "see[s] no point to have to come in and represent [him]self against [the] Department of the Army [l]awyers." (Doc. 51 at 1.) Further, he makes accusations of impropriety and bias on the part of this Court, declaring "[s]ince I am not being allowed to have representation, [s]ince the Court refused to consider my case or my inability to represent myself with all their legal jargon and money

at their disposal it was quite clear to me that I wasn't going to receive a fair trial in the first place [and] the court has already decided with the Department of the Army." (Id.) He concludes that he "[has] no wish to step into a court who will only allow lawyers for the Department of the Army to twist and turn the facts about what happened to [him] . . . ." (Id.)

"All persons, regardless of wealth, are entitled to reasonable access to the courts." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Success in the courts, however, is *not* guaranteed; indeed, many of the difficulties and frustrations expressed by Mr. Gray are typical of those faced by *all* litigants. Nevertheless, it is neither the duty nor role of the Court to provide Mr. Gray with instructions on how to proceed with his case. Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 838-39 (11th Cir. 2011). Although afforded leniency at the pleading stage, *pro se* litigants are required to follow the same procedural rules as everyone else. Maus v. Ennis, 513 F. App'x 872, 878 (11th Cir. 2013). These rules provide for sanctions for failure to comply with court orders. Moon, 863 F.2d at 837.

Mr. Gray's words evidence a refusal to acknowledge his duties as a litigant before this Court and indicate no willingness to comply with the Court's request. "While dismissal is an extraordinary remedy, dismissal upon disregard

2

of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837. Mr. Gray has had ample warning and numerous opportunities to comply (see Docs. 47, 48, 50), but he has failed to do so. Accordingly, the Court **DISMISSES** Mr. Gray's claims **WITHOUT PREJUDICE**. The Clerk **SHALL** serve a copy of this Order on Mr. Gray at address below and **CLOSE** the case.

> Russell Gray
> 3922 Barrett Street
> Augusta, GA 30909

**ORDER ENTERED** at Augusta, Georgia, this 10th day of March, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA